IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00116-F4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BRANDY ARRIETA | ) | |
| | ) | |

This matter is before the court on Defendant Brandy Arrieta's motion [DE-404] for a sentence reduction.

Once it has imposed a term of imprisonment, the court may modify that term in only three specific circumstances. *See* 18 U.S.C. § 3582(c). Those instances are: (1) upon a motion of the Director of the Bureau of Prisons; (2) pursuant to a Rule 35 motion brought by the government; and (3) pursuant to a sentencing range lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). *Id.*

Here, Defendant argues she is entitled to a reduction in her sentence pursuant to Amendment 794 to the United States Sentencing Guidelines, which clarified application of the mitigating role adjustment under U.S.S.G. § 3B1.2.

Section 1B1.10 of the United States Sentencing Guidelines lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review. Amendment 794 is not listed. *United States v. Perez-Carrillo*, No. 7:14CR00050, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016). Accordingly, the instant case is not within any of the

scenarios in which the court may modify a previously imposed term of imprisonment. Defendant's motion is DENIED.

SO ORDERED.

This the 1st day of November, 2016.

                                                  JAMES C. FOX
                                                  Senior U.S. District Judge